# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

JESUS ALEJANDRO NAVA LOPEZ (A No. 231-569-169),

Petitioner,

v.

WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,[1]

Respondents.

Case No. 1:26-cv-03530-JLT-EPG

ORDER DENYING THE PETITION FOR HABEAS CORPUS; DENYING PETITIONER'S REQUEST FOR TEMPORARY RESTRAINING ORDER AS MOOT[2]; AND DENYING PETITIONER'S REQUEST TO APPOINT COUNSEL

(Docs. 1, 3, 4.)

## I.    INTRODUCTION

Before the Court is Jesus Alejandro Nava Lopez's request for a temporary restraining order (Doc. 4), filed in conjunction with his petition for a writ of habeas corpus brought under 28

---

[1] Respondents move to strike and dismiss all unlawfully named officials. (Doc. 7, n.1.) "[L]ongstanding practice confirms that in habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . . ." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The Ninth Circuit has "affirm[ed] the application of the immediate custodian and district of confinement rules to core habeas petitions filed pursuant to 28 U.S.C. § 2241, including those filed by immigrant detainees." *Doe v. Garland*, 109 F.4th 1188, 1199 (9th Cir. 2024). Although *Doe* held that "Padilla set forth a clear rule requiring core habeas petitioners challenging their present physical confinement to name their immediate custodian, the warden of the facility where they are detained, as the respondent to their petition," 109 F.4th at 1197, *Doe* did not necessarily preclude naming more than one respondent so long as the immediate custodian is named. Given that Petitioner has named his immediate custodian as a Respondent, the Court **DENIES** Respondents' request.

[2] The respondents reported that no further briefing was requested as to the underlying petition. (Doc. 9 at 1.) Because the Court orders Respondents to provide Petitioner with a substantive bond hearing and grants the underlying petition in part, the motion for temporary restraining order (Doc. 2) is **MOOT**.

U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) The government filed a response to the TRO and the underlying petition, asserting that Petitioner is an illicit controlled substance trafficker which renders him inadmissible under 8 U.S.C. § 1182(a)(2)(C) and subjects him to mandatory detention under 8 U.S.C. § 1226(c)(1)(A). (Doc. 9 at 2.) Having carefully considered the parties' submissions, and for the reasons set forth below, the Court **DENIES** the petition for writ of habeas corpus.

## II.    FACTUAL & PROCEDURAL BACKGROUND

Petitioner is citizen of Mexico who entered the United States on March 8, 2017, as a nonimmigrant temporary agricultural worker with authorization to remain in the United States for a period not to exceed July 10, 2017. (Doc. 9 at 10.) He stayed beyond the authorization and his nonimmigrant visa. (*Id.*)

According to his Record of Arrests and Prosecutions ("RAP sheet"), Petitioner has a series of criminal convictions and arrests. (Doc. 9 at 18-25.) On April 20, 2022, Petitioner was arrested for DUI under Cal. Veh. Code § 23152(a) and was sentenced to ten days in jail and 36 months of probation. (*Id*. at 21.) On November 6, 2022, Petitioner was arrested and charged with violating Cal. Health & Safety Code § 11358(d)(3)(C). (*Id*.) Specifically, Petitioner was charged with cultivating six or more marijuana plants and unlawfully diverting or obstructing the natural flow of water. *See* Cal. Health & Safety Code § 11358(d)(3)(C). The record also shows that Petitioner was granted conviction relief pursuant to Cal. Penal Code § 1203.4.[3] (*Id*.) On April 12, 2023, Petitioner was again arrested for a DUI under Cal. Veh. Code § 23152(b) and served 240 days in jail. (*Id*. at 24.)

On March 5, 2026, ICE officers arrested Petitioner pursuant to an administrative warrant when he appeared for a scheduled interview for his filed Application to Register Permanent

---

[3] [A]s a general rule, an expunged conviction qualifies as a conviction under the INA." *Ramirez-Castro v. INS*, 287 F.3d 1172, 1174 (9th Cir. 2002) (citing *Murillo-Espinoza v. INS*, 261 F.3d 771, 774 (9th Cir. 2001)); *see also Nunez-Reyes v. Holder*, 646 F.3d 684, 690 (9th Cir. 2011) (en banc) (holding that an expunged state conviction still qualifies as a "conviction" for federal immigration purposes). In particular, "a conviction expunged under [California Penal Code § 1203.4] remains a conviction for purposes of federal law." *Ramirez-Castro*, 287 F.3d at 1175. As such, for the purpose of the foregoing analysis, the Court treats Petitioner's charge pursuant to Cal. Health & Safety Code § 11358(d)(3)(C) as a conviction despite evidence of vacatur.

Residence or Adjust Status, Form I-485. (*Id*. at 10.) On April 14, 2026, Petitioner was issued a Notice to Appear as per Section 237(a)(1)(B) of the Immigration and Nationality Act for Non-Immigrant Overstay. (Doc. 9 at 14-16.)

On May 7, 2026, Petitioner filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, motion for TRO, and motion to appoint counsel. (Docs. 1, 3, 4.) On May 8, 2026, this Court issued a Minute Order calling for the filing of an opposition and reply related to the TRO. (Doc. 7.) On May 15, 2026, Respondents filed an opposition, (Doc. 9), and Petitioner did not file a reply. In his habeas petition, Petitioner argues that Respondents violated the Fifth Amendment and that he is entitled to immediate release, as well as a pre-deprivation hearing and notice in the event of future detention.  (See Doc. 1 at 2.) In opposition, Respondents argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(A) due to his marijuana cultivation conviction. (Doc. 10 at 4.) Petitioner has now been detained for approximately one month at the Golden State Annex Detention Facility in McFarland, California. (Doc. 1 at 2; Doc. 9 at 2.)

### III.    LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### IV.    DISCUSSION

Section 1226(c)(1)(A) mandates detention for "any alien who—is inadmissible by reason of having committed any offense covered in Section 1182(a)(2) of this title." 8 U.S.C. § 1226(c)(1)(A). Section 1182(a)(2) applies to "any alien convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of" any crime involving "a violation of ... any law or regulation of a State, the United States, or a foreign

3

country relating to a controlled substance (as defined in section 802 of Title 21)." 8 U.S.C. § 1182(a)(2)(A)(i)(II). Respondents argue that Petitioner is inadmissible because he is a controlled substance trafficker under Cal. Health & Safety Code § 11358(d)(3)(C) and therefore subject to mandatory detention. (*See generally,* Doc. 9.) In the immigration context, an alien who is or has been illicit trafficker in any controlled substance or in any listed chemical, or is or has been a knowing aider, abettor, assister, conspirator, or colluder with others in the illicit trafficking in any such controlled or listed substance or chemical, or endeavored to do so, is inadmissible. 8 USC § 1182(a)(2)(C)(i).

The Court is not persuaded by Respondents' argument that a violation of Cal. Health & Safety Code § 11358(d)(3)(C) makes Petitioner inadmissible under 8 USC § 1182(a)(2)(C)(i). Despite their contention that there is "substantial evidence" and "reason to believe" that Petitioner is an illicit controlled substance trafficker, the scant record leaves the Court unable to assess the factual circumstances surrounding Petitioner's arrest other than the fact that Petitioner was found to have (1) cultivated, harvested, dried, or processed more than six living cannabis plants and (2) unlawfully diverted or obstructed the natural flow of water. Furthermore, Respondents don't address the fact that there is an entirely separate state statute that specifically addresses the penalties for possession of cannabis for <u>sale</u>. *See* Cal. Health & Safety Code § 11359 Petitioner was charged under § 11358, which only addresses the penalties for unlawful cannabis <u>cultivation and harvesting</u>.

Nonetheless, the Court finds that Petitioner is subject to mandatory detention under § 1226(c) because his arrest constitutes a crime "relating to a controlled substance" and therefore is an offense covered by 8 U.S.C. § 1227(a)(2)(B)(i). *See Saengvilay v. Garland*, No. 20-73259, 2022 WL 17583053 at *1 (9th Cir. Dec. 12, 2022) (finding that a violation of Cal. Health and Safety Code § 11358(c) is "an offense covered by 8 U.S.C. § 1227(a)(2)(B)(i)")); 8 U.S.C. § 1226(c)(1)(B) (mandating the detention of a noncitizen who "is deportable by reason of having committed any offense covered in" 8 U.S.C. § 1227(a)(2)(B)).

In *Saengvilay,* the Ninth Circuit held that there exists a "logical or causal connection between the least of the acts criminalized under § 11358(c) of the California Health and Safety

4

Code, and marijuana, a controlled substance defined in the Controlled Substances Act, 21 U.S.C. §§ 802(16) (defining marihuana), 812 Schedule I (c)(10) (listing marijuana in schedule of controlled substances)." No. 20-73259, 2022 WL 17583053 at*1 (citations and quotations omitted). Although Petitioner here was arrested pursuant § 11358(d) rather than § 11358(c), the Court finds that the reasoning of *Saengvilay* similarly applies because possession and cultivation of the same controlled substance (marijuana) serves as the predicate offense for both § 11358(d) and § 11358(c).

As such, Petitioner is not entitled to immediate release, nor does his detention under § 1226(c) require a bond hearing.[4] *See Zamarripa v. Wofford*, No. 1:26-cv-01338-JLT-SKO, 2026 WL 681761, at *2 (E.D. Cal. Mar. 4, 2026) (explaining that Petitioner's mandatory detention under 8 U.S.C. § 1226(c) for his prior conviction of assault with force likely to produce great bodily injury was a crime of moral turpitude under § 1182(a)(2) and did not entitle him to a pre-deprivation bond hearing); *Bucio Rosales v. Warden of the Golden State Annex Det. Facility*, No. 1:26-CV-02472 JLT HBK, 2026 WL 1030955 at *4 (E.D. Cal. Apr. 16, 2026) (holding that Petitioner was subject to mandatory detention under 8 U.S.C. § 1226(c) given his two convictions of possession of a controlled substance under divisible California statutes).

Petitioner also asks this Court to appoint counsel in his habeas action. (Doc. 3.) Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." As explained above, considering Petitioner's marijuana cultivation arrest, the Court finds that his detention is mandatory under § 1226(c) and denies

---

[4] If Petitioner's detention becomes unreasonably prolonged, Petitioner may raise a due process challenge at that time. *See Lopez v. Garland*, 631 F. Supp. 3d 870, 877–82 (E.D. Cal. 2022) (finding that petitioner's one-year detention under § 1226(c) entitled him to a bond hearing). Because Petitioner has only been detained for approximately one-month, any such argument is premature. To the extent Petitioner seeks to argue that his marijuana cultivation arrest under California law does not constitute deportable offense or render him inadmissible within the meaning of 8 U.S.C. §§ 1227(a)(2)(B)(i) and 1182(a)(2)(A)(i)(II), Petitioner may request a *Joseph* hearing where he demonstrates that he is not properly included in a mandatory detention category. *See Demore v. Kim*, 538 U.S. 510, 513 n.3 (2003) ("This 'Joseph hearing' is immediately provided to a detainee who claims that he is not covered by § 1226(c)... At the hearing, the detainee may avoid mandatory detention by demonstrating that he is not an alien, was not convicted of the predicate crime, or that the INS is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention."); *Matter of Joseph*, 22 I&N Dec. 799, 799 (BIA 1999).

habeas relief. Accordingly, the interests of justice do not require appointment of counsel.

## V.       CONCLUSION AND ORDER

1.       Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

2.       Petitioner's Motion for Temporary Restraining Order (Doc. 4) is **DENIED** as moot.

3.       Petitioner's Motion for Appointment of Counsel (Doc. 3) is **DENIED**.

4.       The Clerk of the Court is directed to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated:   **May 25, 2026**

UNITED STATES DISTRICT JUDGE